FILED
SUPERIOR COURT
OF GUAM

2014 DEC 29 AM 9: 48

SUPERIOR COURT OF GUAM

# IN THE SUPERIOR COURT
# OF GUAM

| | |
|---|---|
| MARSHA LYNN SANTOS PANGELINAN, )<br>                                  )<br>          Petitioner.              )<br>                                  )<br>     v.                           )<br>                                  )<br>                                  )<br>ROY JUNIOR PANGELINAN,            )<br>                                  )<br>          Defendant.             ) | CIVIL CASE No. PO 0116-14<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on November 19, 2014 on Petitioner's Motion for Order of Protection from Abuse. The Petitioner was represented by Guam Legal Services Corporation. The Defendant appeared *pro se*. Having received the testimony and evidences of the parties and reviewed the memorandum and papers presented, the Court now issues the following decision denying the Petitioner's request.

## FACTUAL HISTORY

This matter arises out of the Respondent's challenge to the Petitioner's request for an Order of Protection from Abuse. At the hearing Petitioner testified that on November 11, 2014, while at her residence Respondent began arguing with her and that during the argument held her shirt but immediately released it upon her request. The argument caused her chest pains and some numbness. She requested that Respondent stop arguing. He respondent continued

arguing and told their minor child to put her phone down. Petitioner then left her residence to drive to the fire department. Respondent followed her for a short distance and then turned around.

Respondent testified that this is the second time she has driven to the fire station for chest pains that she believes resulted from an argument with Respondent; the first indicident occurred during an argument that arose out of her decision to divorce Respondent. While Petitioner testified that Respondent has been difficult to communicate with for several years she did not testify about any additional specific instances.

## DISCUSSION

Guam law enables victims of *Family Violence* and related crimes to seek civil legal protection from their abusers in the form of a protective order. Guam protective orders are granted pursuant to 19 GCA §§14101-14106 (2013); and 7 GCA §§40101-40109 (2013). Any person may seek an order of protection from abuse for "himself or herself or on behalf of another person if he has personal knowledge that such person has been abused." 7 GCA §40103 (2013). Abuse is statutorily defined as, "the occurrence of one (1) or more of the following acts between family or household members: . . . . placing by physical menace another in fear of imminent serious bodily injury . . . ." 7 GCA §§ 40101(a) (2013).

Serious bodily injury is defined as follows: "[B]odily injury which creates: serious permanent disfigurement; a substantial risk or [sic] death or serious, permanent disfigurement, severe or intense physical pain or protracted loss or impairment of consciousness or of the function of any bodily member or organ." 9 GCA § 16.10(c) (2013). An order of protection from abuse will be granted where: (1) the plaintiff can "prove the allegation of abuse by a

preponderance of the evidence," and (2) the court finds that the order is "necessary to protect the plaintiff or minor child from abuse upon good cause shown." 7 GCA §40104 (2013).

In this case the Court is unable to find that sufficient facts were presented to justify the entry of an order of protection under Guam law. *Id.* From the facts asserted the Court is unable to find that the assertions evidence sufficient physical menace or serious bodily injury. 7 GCA §§ 40101(a) (2013). It is disputed whether Respondent's holding of Petitioner's shirt occurred as a result of an embrace or an argument. However, it is not disputed that Defendant immediately released Petitioner upon her request. While Petitioner asserts that Respondent continued to argue with her until she left, there is no evidence which could be appropriately characterized as an act physical menace. Furthermore Petitioner presented no evidence of serious bodily injury as defined by Guam law. *Guam v. Castro*, 2013 Guam 20 ¶ 48. Absent these the Court is unable to grant Petitioner's request.

## CONCLUSION

Based on the foregoing, the Court finds that the Petitioner has not met the statutory requirements for granting a protective order. Accordingly, Petitioner's Motion for Order of Protection from Abuse is denied.

SO ORDERED, this 29th day of _____ 2014.

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of: GLSC

Date: 12/29/14 Time: 11 AM

Deputy Clerk, Superior Court of Guam

**RECEIVED FOR SERVICE:**

TIME: _____

DATE: _____

INITIAL: _____

MARSHAL, SCOG

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam